IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

KENNETH SNEED,                          )
                                        )
    Plaintiff,                          )
                                        )
    v.                                  )          Case No. 1:15-cv-0004-GBL-IDD
                                        )
STRAYER UNIVERSITY, *et al.*,           )
                                        )
    Defendants.                         )

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendants Strayer University ("Strayer"), Chad Nyce, and Matt Smith's Motion for Summary Judgment (Doc. 37). This case concerns Plaintiff, Kenneth Sneed's, allegations that Defendants discriminated against him on the basis of his age and race in violation of the Age Discrimination in Employment Act ("ADEA"), Title VII, and 42 U.S.C. § 1981; breached its employment contract with Plaintiff; and fraudulently misrepresented an available employment position for Plaintiff at the Salt Lake City Global facility. There are four issues before the Court.

The first issue is whether Plaintiff has produced evidence demonstrating a prima facie case of discrimination, either based on age or race, sufficient to raise a genuine issue of material fact for trial. The second issue is whether, even if Plaintiff has established a prima facie claim of discrimination, thus shifting the burden of proof to Defendants, Plaintiff has presented evidence of pretext disputing Defendants' proffered nondiscriminatory purpose for Plaintiff's termination. The third issue is whether Plaintiff's allegations—through his affidavit and deposition alone-- that Smith and Nyce had an input on every decision regarding Plaintiff's employment status, presents evidence sufficient to demonstrate a genuine issue of material fact as to intentional

discrimination in violation of 42 U.S.C. § 1981. Finally, the fourth issue is whether Plaintiff can bring a breach of contract claim on an alleged employment contact, where the employment contract states that it is an at-will contract, for no specified time period, and is signed by the Plaintiff.

The Court GRANTS Defendants' Motion for Summary Judgment because Plaintiff has not presented evidence demonstrating a prima facie case of either race or age discrimination. Alternatively, Plaintiff has not provided evidence showing a genuine issue of a discriminatory pretext to rebut Defendants' proffered nondiscriminatory justification for Plaintiff's termination. Additionally, Plaintiff has not presented evidence showing a genuine issue of material fact as to intentional discrimination under §1981. Finally, Plaintiff has not presented evidence showing a genuine issue of material fact exists as to whether the employment contract between Plaintiff and Defendants was anything more than a traditional at-will employment contract.

## I. BACKGROUND

In December 2011, Sneed, a then 49 year-old African-American male, interviewed with Strayer University ("Strayer") and Matt Smith ("Smith") for the position of Director of Operations. Am. Compl. at 2. With the approval of Chad Nyce ("Nyce"), Strayer hired Sneed in January 2012 to be its Director of Operations. *Id.* When Sneed was hired Strayer had Global facilities in Chantilly, Virginia ("Chantilly Global facility") and Salt Lake City, Utah ("Salt Lake City Global facility"). *See generally* Am. Compl. All parties admit that in January 2012 Smith and Sneed discussed whether Sneed, as Director of Operations, would be headquartered at the Chantilly Global facility or the Salt Lake City Global facility. *Id.* On January 30, 2012, Strayer sent Sneed an official offer letter stating his position would be located in Salt Lake City. *See* Def. Mtn. for Summ. Judgment, Exhibit A (hereinafter "January 30, 2012 Employment Letter").

2

Sneed signed this letter and returned it to Strayer. *See Id.* Sneed maintains that the January 30, 2012 Employment Letter supports his belief that he was hired for Director of Operations for the *Salt Lake City* Global facility, with the understanding that he would work at the Chantilly Global facility temporarily, then transfer to the Salt Lake City Global facility. *See* Decl. Kenneth Sneed at 1 (hereinafter "Sneed Decl."). Plaintiff further contends that Smith informed him that accepting a position at both locations was a condition of Sneed being hired at all. *Id.*

However, Strayer maintains that after the January 30, 2012 letter was given to Sneed, on January *31*, 2012, Strayer presented Sneed with a "corrected" employment letter. *See* Declaration of Debra Sandler (hereinafter "Sandler Decl."). The letter dated January 31, 2012, which Strayer alleges was given to Sneed, added significant language that was not present in the first letter and changed the location of Plaintiff's employment from Salt Lake City to Chantilly, Virginia. *Id.; see also* Def. Mtn. for Summ. Judgment, Exhibit B (hereinafter "January 31, 2012 Employment Letter"). The January 31, 2012 Employment Letter does not bear Sneed's signature and Sneed claims he was never given such a letter. *See* January 31, 2012 Employment Letter at 2; *see also* Deposition Transcript of Kenneth Sneed (hereinafter "Sneed Depo.") 77:3-22.

On March 5, 2012 Sneed began working at the Chantilly Global facility. January 30, 2012 Employment Letter. On October 15, 2012, Strayer closed the Chantilly Global facility. Am. Compl, Ex. E (hereinafter "Closure Letter"). Every employee at the Chantilly Global facility—except those who were later transferred to the Salt Lake City Global facility or who were already employees of the Salt Lake City Global facility—was terminated when the Chantilly Global facility closed, including Sneed. *Id.*; Sandler Decl. at 4; Nyce Decl at 2; Smith Decl. at 3-4. Although Sneed maintains that he had a clear contract with Strayer that once the

3

Chantilly Global facility closed, he would be transferred to the Salt Lake City Global facility; his termination was not accompanied by an offer to transfer locations. *See* Am. Compl. at 1. There is nothing in the employment offer—either the January 30, 2012 or the January 31, 2012 letter—that refers to Strayer closing the Chantilly, Virginia office and transferring Plaintiff to a comparable position at the Salt Lake City Global facility. *See* Am. Compl., Ex. D.

On April 14, 2013 Sneed filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging Strayer discriminated against him based on his age (50) and race (African-American). Am. Compl, Ex. A. After being reissued a Dismissal and Notice of Rights by the EEOC on September 30, 2014, Sneed filed his Amended Complaint in this Court on April 04, 2014. Am. Complaint (Doc. 11). On September 23, 2015 Defendants filed this Motion for Summary Judgment. (Doc. 37). Sneed contends that Strayer University discriminated against him when they failed to transfer him to Strayer's Headquarters Office in Salt Lake City, Utah when Strayer University closed down the Chantilly Global facility in Chantilly, Virginia. He also alleges that Strayer breached an oral employment contract and fraudulently misrepresented to him that he would be transferred to the Salt Lake City Global facility.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, the Court must grant summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the non-moving party. *Boitnott v. Corning, Inc.*, 669 F.3d 172, 175 (4th Cir. 2012) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Once a motion for summary

judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (citations omitted).   "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008) (quoting *Anderson*, 477 U.S. at 247–48).

A "material fact" is a fact that might affect the outcome of a party's case. *Anderson*, 477 U.S. at 248; *JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248; *Hooven-Lewis v. Caldera*, 249 F.3d 259, 265 (4th Cir. 2001).

A "genuine" issue concerning a "material" fact arises when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. *Resource Bankshares Corp. v. St. Paul Mercury Ins. Co.*, 407 F.3d 631, 635 (4th Cir. 2005) (quoting *Anderson*, 477 U.S. at 248).   Rule 56(e) requires the nonmoving party to go beyond the pleadings and by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

### III. ANALYSIS

The Court GRANTS Defendants' Motion for Summary Judgment because Plaintiff's Complaint raises only conclusory allegations and is not supported by evidence. Thus, Plaintiff's

Complaint fails to show there is a genuine issue of material fact as to whether Defendants discriminated against Plaintiff on the basis of his age or race in violation of the Age Discrimination in Employment Act ("ADEA"), Title VII, or 42 U.S.C. § 1981; breached its employment contract with Plaintiff; or fraudulently misrepresented an available position for Plaintiff at the Salt Lake City Global facility.

## A. Plaintiff Fails to Present Evidence Sufficient to Demonstrate Discrimination Based on Age

The Court GRANTS Defendants' Motion for Summary Judgment as to Plaintiff's Age Discrimination claim. The Court finds that Plaintiff fails to produce any evidence demonstrating a genuine issue of material fact as to whether Defendants acted with a discriminatory intent, in violation of the Age Discrimination in Employment Act ("ADEA").

Under § 4(a)(1) of the ADEA, "it shall be unlawful for an employer: (1) "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age; or (2), to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age." 29 U.S.C. 623(a)(1).

To establish a cause of action of age discrimination under the ADEA a plaintiff must demonstrate that "but for" the employer's motive to discriminate against the plaintiff on the basis of age, the plaintiff would not have been discharged. *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2522 (2013); *E.E.O.C. v. Clay Printing Co.*, 955 F.2d 936, 941 (4th Cir. 1992). This but for standard can be established in one of two ways. *Id.* First, a plaintiff may meet this burden under the ordinary standards of proof by direct or indirect evidence relevant to and

sufficiently probative of age discrimination. *Id.* This means, through direct or circumstantial, evidence a plaintiff must show: (1) that he was an employee covered by the Act, (2) who suffered an unfavorable action by an employer covered by the Act, and (3) that "age was a determining factor" in the action in the sense that "'but for'" the Defendants' intent to discriminate on the basis of age, the claimant would not have been subjected to the employment action. *Id.* Thus, to overcome a motion for summary judgment on an ADEA claim, a plaintiff has to "produce direct evidence of a stated purpose to discriminate on the basis of age and/or circumstantial evidence of a stated purpose to discriminate on the basis of age of sufficient probative force to reflect a genuine issue of material fact." *Id.* (quoting *Goldberg v. B. Green and Co., Inc.,* 836 F.2d 845, 848 (4th Cir.1988)) (internal citations removed).

Second and alternatively, a plaintiff may resort to the burden shifting scheme established in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). Under this scheme, a plaintiff must demonstrate (1) he is over 40 years of age; (2) he suffered an adverse employment action; (3) he was performing his duties at a level that met his employer's legitimate expectations; and (4) he was replaced by a substantially younger individual. *See O'Connor v. Consol. Coin Caterers Corp.,* 517 U.S. 308, 310-11 (1996), *cert. denied,* 519 U.S. 1040 (1996); *Stokes v. Westinghouse Savannah River Co.,* 206 F.3d 420, 430 (4th Cir. 2000). Once a plaintiff presents evidence of all four factors, the burden then shifts to the defendant to rebut the plaintiff's claim with evidence of a legitimate nondiscriminatory purpose for plaintiff's termination. *Id.* If the defendant successfully rebuts the claim, the plaintiff may still successfully show discriminatory intent through a showing of pretext.

i.    *Plaintiff Does Not Present Direct Evidence of Age Discrimination or Evidence Sufficient to Reflect a Genuine Issue of Material Fact Under the McDonnell Douglas Standard*

Here, Plaintiff has not presented sufficient evidence to demonstrate a genuine issue of material fact exists as to whether Defendants intended to discriminate against Plaintiff on the basis of his age. Am. Compl. at 28. First, Plaintiff establishes that he was an employee over 40 years of age and thus covered by the Act and that he suffered an adverse employment action when he was fired. Sneed Decl. at 1; January 30, 2012 Employment Letter. However, Plaintiff cannot show that his age "was a determining factor" in his termination, such *but for* Defendants' intent to discriminate against him on the basis of his age, he would not have been terminated.

The only evidence Plaintiff puts forth to meet the 'but for' prong is his own affidavit stating "[o]nce when Brian Christie and  Smith went to the corporate office in Herndon for a corporate executive meeting (to which I was not invited), when Brian Christie returned, he went straight to my office, and said to me, 'I did not know that you were that old.'" Sneed Decl. at 3. This is hardly sufficient to give rise to a genuine issue that but for his age; Plaintiff would have not been terminated.  Instead, Plaintiff must produce evidence demonstrating a genuine issue that "the protected trait . . . *actually motivated the employer's decision. . . .* [or] actually played a role in the employer's decision-making process and had a determinative influence on the outcome." *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 286 (4th Cir. 2004), *cert. denied*, 543 U.S. 1132 (2005).   Plaintiff makes no attempt to satisfy the 'but for' requirement.

Alternatively, Plaintiff has not produced evidence giving rise to a prima facie case under the *McDonnell Douglas* standard either.  Plaintiff satisfies the first two prongs by demonstrating he was a member of a protected class because he was over forty years old and terminated when

8

the Chantilly Global facility closed.  However, Plaintiff again fails support the substance of his claim with evidence showing a genuine issue of material fact for trial.  Plaintiff presents a photo of a baseball, given to him by Defendants, as support his argument that he was performing satisfactory.  Am. Compl, Ex. F.  However, the Fourth Circuit has made clear that a plaintiff's own testimony cannot establish a genuine issue of material fact regarding whether the employee Plaintiff was meeting his employer's expectations.  *See King v. Rumsfeld,* 328 F.3d 145, 149 (4th Cir. 2003); *Evans v. Technologies Applications & Serv. Co.,* 80 F.3d 954, 960–61 (4th Cir. 1996) ("It is the perception of the decision maker which is relevant, not the self-assessment of the plaintiff." (citations omitted)).  Thus, Plaintiff's assertion that he performed according to Defendants' expectations does not satisfy the third element of the *McDonnell Douglas* framework.

Finally, Plaintiff seeks to satisfy the fourth element by merely stating that two directors, Brian Christie, and Sterling Wootton, were both younger than Plaintiff yet were transferred to the Salt Lake City Global facility while Plaintiff was not.  Opp. at 3, 5.  However, Plaintiff does not present evidence that either director was substantially younger than him or actually *replaced* him.  Additionally, Plaintiff makes no showing that he applied for a position in the Salt Lake City Global facility that a younger employee received, nor has he provided evidence that his former position was filled with someone younger.  Plaintiff has presented no evidentiary support to his claim that his termination was discriminatory.  Instead, the undisputed evidence presented shows the entire Chantilly division was closed and Plaintiff, along with sixty-one other employees, was terminated.  *See* Am. Compl, Ex. E.  Because Plaintiff has not produced any direct or circumstantial evidence of age based animus, creating a genuine issue of whether Plaintiff's age was the but for cause of his termination, Plaintiff's age discrimination claim fails.

9

### ii.    *Plaintiff Fails to Demonstrate Pretext*

Nevertheless, assuming, *arguendo*, that Plaintiff does present sufficient evidence to establish a prima facie case for age discrimination, Plaintiff nonetheless fails to demonstrate a genuine issue as to whether Defendants' legitimate and nondiscriminatory reasons for Plaintiff's termination was merely a pretext for age discrimination. *See McDonnell Douglas Corp.*, 411 U.S. at 804–05.

Once the plaintiff has established a prima facie case under the ADEA, the "burden shifts to the defendant 'to articulate some legitimate, nondiscriminatory reason for the employee's rejection.'" *Tex. Dep't of Cmty. Affairs v. Burdine,* 450 U.S. at 252-53 (quoting *McDonnell Douglas,* 411 U.S. at 802-04). "The employer is not required to prove absence of a discriminatory motive, but merely articulate some legitimate reason for its action." *Western Electric Co., 713 F.2d at 1014 (citing *Smith v. University of North Carolina,* 632 F.2d 316, 332-33 (4th Cir. 1980)). It is simply a burden of production not of persuasion. *Id.* If the employer submits a legitimate nondiscriminatory reason, then the ultimate burden shifts back to Plaintiff to demonstrate "that the legitimate reasons offered by [d]efendant were not its true reasons, but were a *pretext* for discrimination." *Reeves,* 530 U.S. at 143 (quoting *Burdine,* 450 U.S. at 253); *see also White v. W.R. Winslow Mem'l Home, Inc.,* 211 F.3d 1266 (4th Cir. 2000) ("once the defendant has offered a legitimate explanation, the presumption of discrimination drops away, and the plaintiff must prove that the employers proffered reason is pretextual and that age actually motivated the action.").

To show pretext, first, the plaintiff must present evidence giving rise to a genuine issue of whether the Defendants' proffered reason is false and second, that the alleged form of discrimination was the real reason for the plaintiff's termination. *Id.* at 135; *see also Ramos v.*

10

*Molina Healthcare, Inc.*, 603 F. App'x 173, 180 (4th Cir. 2015).  A demonstration of pretext is crucial because "[t]he ultimate question is whether the employer intentionally discriminated, and proof that the employer's proffered reason is unpersuasive, or even obviously contrived, does not necessarily establish that the plaintiff's [alleged] reason is correct." *Id.* at 146–47 (internal quotation marks omitted); *Ramos*, 963 F. Supp. 2d at 524-25.  Thus, "a plaintiff may not simply allege that the employer's stated reasons were inaccurate without also tethering (or enabling the court to tether) the employer's decision to the discriminatory reasons. *Ramos*, 963 F. Supp. 2d at 525.  Instead, Plaintiff must first invalidate the employer's stated reasons for the termination, by establishing, with sufficient evidence, "an inference that the improper discriminatory motivation was the real reason." *Id.*

Here, Defendants have presented legitimate nondiscriminatory reasons for Plaintiff's termination—the closing of the Chantilly Global facility.  Decl. Matt Smith at 1-2 (hereinafter "Smith Decl."); Decl. Chad Nyce at 2 (hereinafter "Nyce Decl."); Sandler Decl. at 2.  Through three affidavits Defendants presented evidence that Plaintiff, hired in January 2012, was only terminated when the Chantilly Global facility closed in October 2012. Am. Compl, Ex. E; Smith Decl. at 1-2; Nyce Decl. at 2; Sandler Decl. at 2.  Defendants have also produced evidence showing the Chantilly Global facility's closure was solely an effort to save costs and consolidate its revenue and expenditures.  Smith Decl. at 1-2; Nyce Decl. at 2; Sandler Decl. at 2. Defendants also presented evidence that because the entire Global facility closed down, every employee working solely at the Chantilly Global facility was terminated when Plaintiff was terminated.  Sandler Decl. at 2.  However, every terminated Chantilly Global facility employee was eligible for rehire at the Salt Lake City Global facility.  *Id.*  Of the sixty-one employees

11

terminated, eleven applied and were selected for a new position in Strayer. *Id.* Of those eleven employees, four were over the age of forty. *Id.*

Finally, Defendants have presented evidence that Directors Brian Christie, and Sterling Wootton were not similarly situated to Plaintiff, and their respective job placements were non-discriminatory. Sandler Decl. at 4; Nyce Decl at 2; Smith Decl. at 3-4. First, Mr. Wooten was a tenured employee of Strayer's Global Salt Lake City facility and thus was unaffected by the closing of the Chantilly Global facility. Sandler Decl. at 4. In addition, Mr. Wooten was not similarly situated to Plaintiff because, as an Associate Director, he occupied a lower position than Plaintiff. *Id.* Brian Christie, who *was* offered a comparable replacement position in the Salt Lake City Global facility, had been employed with Defendant Strayer since 2009, had direct experience managing a revenue stream, and was familiar with the tasks involved in global operations. *Id.* at 4-5 ("When Strayer closed its Chantilly Global facility, it consolidated the functions of its Admissions and Student Services functions, and Mr. Christie was the logical choice to oversee those functions."). Finally, Defendant presented evidence that, of the sixty-one employees who were terminated when the Chantilly Global facility closed, thirteen were over the age of forty, while forty-eight were under forty. Sandler Decl. at 4. These evidentiary assertions of a non-discriminatory purpose for Plaintiff's termination shifts the burden to Plaintiff to present evidence demonstrating a genuine issue of whether Defendants' proffered reasons were merely pretext for discrimination. *Burdine,* 450 U.S. at 253.

Here, Plaintiff asserts no showing of pretext whatsoever. In fact, in Plaintiff's Opposition to Defendants' Motion for Summary Judgment, Plaintiff only states: "[a]ll other directors as he was, were promoted. All directors who were assigned to Chantilly temporarily, were later assigned to SLC but he was [sic]. This is discrimination. See also, Plaintiff's Amended

12

Complaint." Opp. at 20. Further, at the hearing on Defendants' Motion for Summary Judgment, when this Court asked Plaintiff what evidence of pretext supported Plaintiff's claims, Plaintiff was unable to respond. With such a clear lack of evidence supporting pretext, Plaintiff has not met its' burden to defeat Defendants' Motion for Summary Judgment. Therefore, the Court grants Defendants' Motion for Summary Judgment on Plaintiff's claim of discrimination under the ADEA because, (1) Plaintiff fails provide evidence demonstrating a genuine issue as to the prima facie elements of discrimination and (2) even if Plaintiff presented evidence sufficient to establish a prima facie case for age discrimination, Plaintiff fails to present evidence that raises a genuine issue of whether Defendants' legitimate nondiscriminatory reasons for his termination are simply a pretext of discrimination.

### B. Plaintiff Fails to Show a Title VII Violation of Discriminatory Treatment

The Court GRANTS Defendants' Motion for Summary Judgment as to Plaintiff's Title VII claims of discriminatory treatment. The Court finds that there is no genuine dispute of material fact as to Plaintiff's claims alleging Title VII discrimination based on race and age. Title VII prohibits an employer from "fail[ing] or refus[ing] to hire . . . any individual . . . because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). A plaintiff can establish a Title VII violation in two ways: (1) through "ordinary principles of proof using any direct or indirect evidence relevant to and sufficiently probative of the issue" or (2) through the burden-shifting method of *McDonnell Douglas*. *See United States Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 714 n.3 (1983); *Laing v. Fed. Exp. Corp.*, 703 F.3d 713, 717 (4th Cir. 2013). No matter which method of proof is used, the ultimate burden of raising a genuine issue as to whether the employer intentionally discriminated against the

plaintiff remains at all times with the plaintiff. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005). Thus, to survive a motion for summary judgment on a Title VII claim, a plaintiff must produce evidence showing that his employer had some unlawful discriminatory motivation for an alleged adverse employment action. *Id.*

> i. *Plaintiff Fails to Proffer Direct or Circumstantial Evidence of Purposeful Race or Age Discrimination*

First, a plaintiff can survive a motion for summary judgment by presenting direct or circumstantial evidence that raises a genuine issue of material fact as to whether an impermissible factor such as race motivated the employer's adverse employment decision. *Diamond*, 416 F.3d at 318. If a plaintiff chooses to use direct evidence, it must show "evidence of conduct or statements that both reflect directly the alleged discriminatory attitude and that bear directly on the contested employment decision." *Warch v. Ohio Cas. Ins. Co.*, 435 F.3d 510, 520 (4th Cir. 2006), *cert. denied*, 549 U.S. 812 (2006). Evidence sufficient to defeat an employer's motion for summary judgment is "evidence that clearly indicates a discriminatory attitude at the workplace and ... illustrate[s] a nexus between that negative attitude and the employment action." *Lettieri v. Equant Inc.*, 478 F.3d 640, 649 (4th Cir. 2007).

In *Lettieri.*, the Fourth Circuit held that a plaintiff "offered ample evidence to discredit her employer's proffered nondiscriminatory reason for her termination" by submitting evidence that her employer, who believed that women should not live away from home during the work week, repeatedly told her she should leave her position to work near her family in New York. *Id.* The plaintiff in *Lettieri* also presented evidence showing that her employer attempted to demote and transfer her, stripped her of her significant job responsibilities, and eventually terminated her. *Id.* Additionally, the plaintiff presented evidence that at her termination, her employer told

14

her she "look[ed] pretty in pink" but that her position was being terminated.  *Id.*  After her termination, her employer immediately sought to replace her with a male, and eventually did so. *Id.*  Such evidence, the Fourth Circuit held, was sufficient to "allow a trier of fact to conclude that these discriminatory attitudes led to Lettieri's ultimate termination."

Here, unlike *Lettieri*, Plaintiff fails to show discrimination by either direct or circumstantial evidence.  Plaintiff submitted an affidavit stating he has a Bachelor of Science degree in mathematics and maintained a 4.0 grade point average while attending Strayer's Executive MBA program.   Sneed Decl. at 3.   However, Plaintiff's qualifications, while demonstrating that Plaintiff was qualified for the position he held, do not demonstrate that, in light of such qualifications, his termination was discriminatory.  Plaintiff did not submit any evidence that Defendants filled Plaintiff's position with someone less qualified than him or of a different race or age.   While Plaintiff presents his offer of employment letter to evince his expectation that he would work in the Salt Lake City Global facility, Am. Compl, Ex. D, this does nothing to directly or circumstantially show that Plaintiff's *termination* was the result of discrimination.  Furthermore, there is nothing in the employment offer that refers to Strayer closing the Chantilly, Virginia office and transferring Plaintiff to a comparable position at the Salt Lake City Global facility.  *See* Am. Compl., Ex. D

Similarly, Plaintiff has not come forward with evidence demonstrating a nexus between his termination from the Chantilly Global facility (or the fact that he was not offered a position at the Salt Lake City Global facility) and a discriminatory purpose. *See Brown v. Nucor Corp.,* 785 F.3d 895, 917 (4th Cir. 2015) (noting that a "companywide policy of discrimination" existed where the employer's actions "*provide a critical nexus between the racial animus at the plant and [the] promotions decisions that impacted all black workers. . . .*") (internal quotations

omitted) (emphasis added). Instead, Plaintiff only alleges that he was terminated, not offered a position at the Salt Lake City Global facility, and accordingly was discriminated against. Sneed. Decl. at 2.

Finally, Plaintiff fails to produce any evidence demonstrating that a position he applied for was later given to a younger employee or an employee of a different race than Plaintiff. In fact, Plaintiff does not even submit evidence that he applied for a positon at the Salt Lake City Global facility.[1]   Plaintiff alleges that he interviewed with Kelly Bozarth, Executive Vice President and Chief Administration Officer at Strayer, for a new vice president position but presents no evidence demonstrating the position existed or was offered to him, the details of the position, or demonstrate that someone either younger or of a different race was later awarded the position. *See* Sneed Decl. at 2; *see also* Def. Memo for Summary Judgment, Ex. 4 Sneed Deposition at 118-126 (Plaintiff stating that Plaintiff was offered a position but never: received a job description, filled out an application or any form related to the vice president position, discussed salary of the vice president, nor discussed where the position would be located).

Granted, Plaintiff states that Kelly Bozarth told him after his second interview that he was "the person for the job," but standing alone, this hardly gives rise to a genuine issue of purposeful discrimination simply because Plaintiff was terminated when the Chantilly Global facility closed. In fact, in his Opposition to Defendants' Motion for Summary Judgment, the sole evidence Plaintiff presents supporting his allegations is his own affidavit expressing his understanding that he would work in the Salt Lake City Global facility upon the Chantilly Global

---

[1] Plaintiff only submits pictures of a login screenshot of the Strayer employee website. However, these screenshots reflect Plaintiff's *original* application to work as a Director of Operations, completed on November 23, 2011. *See* Am. Compl. Ex. I, pg. 10. Additionally, while Exhibit H and J describes additional positions within Strayer, Plaintiff does not demonstrate that he applied for such positions. Am. Compl. Ex. H & J.

facility's closing.   *See generally* Sneed Decl.   Plaintiff's failure to produce evidence of Defendants' discriminatory actions regarding Plaintiff's race or age make it evident that Plaintiff could not show discrimination under either evidentiary standard and thus, presents no issue of genuine material fact.

> ii.   *Plaintiff Again, Fails to Show Pretext*

The second method of averting summary judgment on a Title VII claim is to proceed under a 'pretext' framework through the *McDonnell Douglas* framework.   Under the *McDonnell Douglas* framework, a plaintiff may establish a prima facie case of disparate treatment by showing by a preponderance of the evidence that: "(1) he is a member of a protected group; (2) he applied for the position in question; (3) he was qualified for the position; and (4) he was rejected for the position under circumstances giving rise to an inference of unlawful discrimination." *Brown v. McLean*, 159 F.3d 898, 902 (4th Cir. 1998), *cert. denied*, 526 U.S. 1099 (1999).   After establishing a prima facie case of discrimination, the burden is on the defendant employer to demonstrate a permissible reason for its actions.   *See Reeves*, 530 U.S. at 143.   If the employer submits a legitimate nondiscriminatory reason, then the ultimate burden shifts back to plaintiff to demonstrate "that the legitimate reasons offered by [D]efendant were not its true reasons, but were a pretext for discrimination." *Id*.   In other words, "once an employer rebuts the prima facie case with a legitimate, nondiscriminatory reason for the employment action, the *McDonnell Douglas* framework—with its presumptions and burdens—*disappears* and the sole remaining issue is discrimination *vel non.*" *Diamond*, 416 F.3d at 318.

Here, Plaintiff has not presented evidence demonstrating pretext for Defendants' closing of the Chantilly Global facility, Plaintiff's subsequent termination, nor Defendants' retention of Mr. Christie, Mr. Wootton, or any other employee. *See supra*, part A at 9 (discussing Plaintiff's

lack of demonstrated pretext). Plaintiff asserts that Defendants' retention of Jeffrey French, a white male and younger than Plaintiff, was discriminatory. Sneed Decl. at 2. However, unlike Plaintiff, Jeffrey French was not an employee of the Chantilly Global facility. Sandler Decl. at 4. Mr. French only worked at the *Salt Lake City* Global facility—a location both parties admit Plaintiff has never worked before—and thus was unaffected by the closing of the Chantilly Global facility. *Id.* Thus, this assertion also fails because it also does not raise a genuine issue as to whether Defendants' proffered reasons for Plaintiff's termination from the *Chantilly* Global facility was pretextual.

Plaintiff argues that Mr. French's position as Director of Operations at the Salt Lake City Global facility was the same position Plaintiff occupied at the Chantilly Global facility; however, this does not rebut Defendants' justification for closing the entire *Chantilly* Global facility—to minimize the financial expense of operating both locations simultaneously. Sandler Decl. at 4; Nyce Decl at 2; Smith Decl. at 3-4. The Fourth Circuit has held that "[w]hen an employer gives a "non-discriminatory reason for discharging the plaintiff, it is not our province to decide whether the reason was wise, fair, or even correct, so long as it truly was the reason for plaintiff's termination." *Hawkins v. PepsiCo, Inc.,* 203 F.3d 274, 279 (4th Cir.2000) (internal quotations marks and citation omitted). Here, Plaintiff cannot show that Defendants' "stated reasons for terminating her were not the reasons for [his] discharge." *See id.*

Simply put, Plaintiff's allegations pointing that Defendants' retention and promotion of employees at the *Salt Lake City* Global facility does not provide a legally sufficient basis to conclude that Defendants' closure of the *Chantilly* Global facility and subsequent failure to rehire Plaintiff, were a pretext for discriminatory conduct. Thus, in light of an absence of evidence demonstrating a discriminatory pretext for Defendants' actions, Plaintiff has not

provided evidence sufficient to satisfy the burden-shifting scheme of *McDonnell Douglas*. Given that Plaintiff neither produces (1) direct or circumstantial evidence of Defendants' discriminatory purpose, nor (2) provides evidence sufficient to demonstrate a discriminatory pretext under *McDonnell Douglas,* the Court grants Defendants' Motion for Summary Judgment on Plaintiff's claims of discrimination under Title VII.

### C. Plaintiff Fails to Show Disparate Impact on the Basis of Race and Age

The Court GRANTS Defendants' Motion for Summary Judgment for Plaintiff's claim asserting a disparate impact in violation of Title VII or the ADEA because Plaintiff's claim presents no issues of genuine fact.

Disparate impact cases, unlike disparate treatment claims, do not require proof of deliberate discriminatory motive, but require a plaintiff claiming disparate impact to allege "'the presence of a facially-neutral employment practice that as implemented treats protected groups of people worse than others.'" *See Teamsters v. United States*, 431 U.S. 324, 325–26 n. 15, (1977). Further, contrary to a disparate treatment claim, a plaintiff alleging a disparate impact claism is *under no obligation to demonstrate pretext, because pretext is an indication of intent. Anderson* 406 F.3d at 283. However, the employee must isolate and identify "the specific employment practices that are allegedly responsible for any observed statistical disparities." *Smith v. City of Jackson, Miss.*, 544 U.S. 228, 241 (2005). "[D]isparate impact seeks to ferret out employment practices that are the functional equivalent of intentional discrimination because they cause significant adverse effects on protected groups." *Anderson* 406 F.3d at 283.

Here, Plaintiff asserts his allegations of disparate impact with a statistical analysis. *See* Am. Compl., Ex. L. The statistical analysis covers a pool of 130 Strayer employees. *Id*. Of those

19

130 employees, 20 were African-American and 110 were not African-American. *Id.* According to the statistical analysis, at some point all 20 African-Americans were laid off and 33 non-African-Americans were laid off, totaling 53 employees laid off. *Id.* This statistical analysis fails to demonstrate a genuine issue as to whether Defendants' actions disparately impacted Plaintiff. First, Plaintiff's statistical analysis appears to span across Defendant Strayer's entire company, including the facilities in Chantilly, Salt Lake City, and employees controlling online operations. *See id.* Thus, the analysis does not point to Defendants' specific policy or action that caused the alleged discriminatory impact. In other words, Plaintiff's Amended Complaint alleges a discriminatory impact based on Defendants' decision to *close the Chantilly Global facility*; while the statistical analysis, merely shows all the African-Americans who were fired across the company. *See id.* The Supreme Court has recently held, in unequivocal terms, that "a disparate-impact claim that relies on a statistical disparity *must fail* if the plaintiff cannot point to a Defendants' policy or policies causing that disparity." *Texas Dep't of Hous. & Cmty. Affairs v. Inclusive Communities Project, Inc.*, 135 S. Ct. 2507, 2523 (2015). This "robust casualty" requirement ensures that a racial imbalance, *without more,* does not establish a prima facie case of disparate impact." *Id.*

Contrary to the Supreme Court's casualty requirement, Plaintiff does not even attempt to show a causal connection between the presumably racially charged layoffs outlined in the statistical analysis and Defendants' decision to terminate Plaintiff with the closing of the Chantilly Global facility. *See* Am. Compl. at 37 (addressing the statistical analysis and stating only that: "Ken Sneed *believes* that there is evidence that blacks and older blacks like himself, are disparately impacted by Strayer's discriminatory employment practices in hiring, retaining promoting and overall treatment when compared to white, younger employees of Strayer

20

University."). Because producing evidence of causation in a disparate impact claim is crucial, Plaintiff again fails to allege sufficient evident to support his claim. *See Texas Dep't of Hous. & Cmty. Affairs, Inc.*, 135 S. Ct. at 2523 ("A plaintiff who fails to allege facts at the pleading stage or produce statistical evidence demonstrating a causal connection cannot make out a prima facie case of disparate impact.).

The Supreme Court further states that causation is particularly difficult to prove in cases where the plaintiff's complaint stems from a Defendants' "one-time" decision because "one-time decision[s] may not be a [discriminatory] policy at all." *Id.* at 2524. Here, that is precisely the case. Plaintiff alleges a policy of discrimination based on a single action to close down an entire branch. Plaintiff presents no evidence that this practice is common or that Defendants have committed such action before. Further, with his statistical analysis, Plaintiff presents evidence only that Strayer has terminated 20 African-Americans, but does not assert that the impact of these terminations were caused by the Chantilly Global facility closing. In light of this, Plaintiff does not present evidence giving rise to a genuine issue of whether Defendants' closure of the Chantilly Global facility disparately impacted African-Americans. Thus, the Court GRANTS Defendants' Motion for Summary Judgment on Plaintiff's claims of Disparate Impact under Title VII and the ADEA.

### D. Plaintiff Fails to Establish a Violation of 42 U.S.C. § 1981

The Court GRANTS Defendants' Motion for Summary Judgment for Plaintiff's claim under 42 U.S.C. § 1981. An employment discrimination claim under § 1981 is evaluated under the same burden-shifting framework set forth in *McDonnell Douglas,* as a Title VII claim. *See Patterson v. McLean Credit Union,* 491 U.S. 164, 186 (1989) (noting that the *McDonnell*

*Douglas* burden-shifting scheme applies to § 1981 actions).   Because § 1981 claims turn on intent, to survive a motion for summary judgment on a § 1981 claim, a plaintiff must present evidence giving rise to a genuine issue of whether a defendant intentionally discriminated against the plaintiff.   *See General Building Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 391 (1982).   Alternatively, a plaintiff may still demonstrate a violation of § 1981 by showing a discriminatory pretext to a Defendants' stated reasons for plaintiff's termination.

Here, Plaintiff alleges that Defendants Smith and Nyce intentionally discriminated against him based on his race, in violation of § 1981, by terminating his employment when the Chantilly, Virginia office closed and not transferring him to Salt Lake City.   Am. Compl. at 26 (Plaintiff stating that "it was both of them [ Smith and Nyce] who made and recommended that Ken Sneed be laid off / terminated, and not sent to Salt Lake City as per his contract of employment with [Strayer]").   Specifically, Plaintiff contends that jointly,   Smith and Nyce, "because they are Supervisors" recommended: hiring Plaintiff initially, terminating Plaintiff when the Chantilly Global facility closed, promoting Jeffery French—a younger employee—to Director of Operations at the Salt Lake City Global facility instead of Plaintiff,  denying Plaintiff the position of Vice President, and giving Plaintiff a small severance package.   Am. Compl. at 25-26.   To support these assertions, Plaintiff simply alleges that Smith told Plaintiff that he would "block" Plaintiff from securing a Vice President position.   Sneed Decl. at 2.

While Defendant Smith's statement of 'blocking' Plaintiff is certainly relevant to a examination of Defendants' discriminatory intent, it is not sufficient evidence to give rise to a genuine issue of purposeful discrimination.   *See Merritt v. Old Dominion Freight Line, Inc.,* 601 F.3d 289, 300 (4th Cir. 2010) ("It is the decision maker's *intent* that remains crucial, and in the absence of a clear nexus with the employment decision in question, the materiality of stray or

isolated remarks is substantially reduced."). Instead, the statement merely reflects Plaintiff's conclusory allegation that "all employment decisions that affected [Plaintiff's] employment during his tenure at Strayer University, were made by Smith and Nyce." *Id.* at 26. Such unsupported speculation, without evidence of intent to discriminate on the basis of Plaintiff's race, does not establish a violation of § 1981. *See Merritt,* 601 F.3d at 300. Nevertheless, Plaintiff responds to Defendants' Motion for Summary Judgment with two sentences, stating "[Defendants] acted in every aspect of [Plaintiff's] employment intentionally. None of their actions were accidental or mistaken." Opp. at 16. Plaintiff does not produce evidence demonstrating how any of Defendants' actions showed purposeful discrimination. Rather, Plaintiff merely asserts that Defendants Smith and Nyce directed every employment decision related to him and thus, infers discriminatory intent. Sneed Decl. at 2. This again fails to give rise to a genuine issue of discriminatory intent under § 1981. Because Plaintiff (1) fails to produce direct or circumstantial evidence demonstrating a genuine issue of Defendants' intentional racial discrimination or (2) rebut Defendants' stated justifications under the *McDonnell Douglas* requirement of pretext, this Court GRANTS Defendants' Motion for Summary Judgment on Plaintiff's § 1981 claim.

### E. Plaintiff Fails to Demonstrate a Title VII Violation in Light of His Severance Package

The Court GRANTS Defendants' Motion for Summary Judgment for Plaintiff's claim asserting a Title VII claim of discrimination based on his severance package because Plaintiff's claims present no issues of genuine fact. While a Title VII claim alleging discrimination based on severance packages can be supported, it must still demonstrate, through direct or circumstantial evidence that discriminatory conduct has occurred. *See Warch,* 435 F.3d 510.

23

Here, Plaintiff alleges Defendant discriminated against him by offering him a severance package that was not comparable to his white counterparts. Am. Compl. at 32. Plaintiff alleges *no* evidence supporting this claim. Instead, Plaintiff merely makes conclusory allegations that the two-week severance package Defendant offered him "was not similar or comparable to that received by white counterparts" because Defendant Smith "informed" Plaintiff that an employee named "'Joe,'" who had not worked at the Chantilly Global facility, received a "sweet deal." *See* Am. Compl. at 32; *see also* Sneed Dep. at 171-174. Plaintiff admitted that he did not know Joe and based his conclusion about Joe's severance package solely on what he heard from Matt. Sneed Depo. 171:15 ("I don't even know Joe.").

Additionally, Defendant *admits* offering Plaintiff a two-week severance package, given Plaintiff's brief tenure at Strayer. Def. Mtn. for Summary Judgment at 18. However, Plaintiff neither addresses his short tenure as justification for his severance package nor presents evidence that others similarly situated to him received a better severance package offer or that his severance package itself indicated discriminatory conduct. Plaintiff has not come forward with evidence to demonstrate genuine issue of discrimination in light of his severance package. In light of this, the Court GRANTS Defendants' Motion for Summary Judgment for Plaintiff's claims of discrimination based on his severance package. S*ee Duckworth v. State Admin. Bd. of Election Laws*, 332 F.3d 769, 775 (4th Cir. 2003) (finding conclusory statements about discriminatory effect insufficient to state a claim for relief "by virtue of their conclusory nature").

### F. Plaintiff Fails to Plead a Breach of Contract Claim Under Virginia Law

The Court GRANTS Defendants' Motion for Summary Judgment for Plaintiff's Breach of Contract claim. There are three elements to a breach of contract action in Virginia: (1) a

24

legally enforceable obligation of a defendant to a plaintiff; (2) the Defendants' violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of that obligation. *Filak v. George*, 594 S.E.2d 610, 619 (Va. 2004). Defendants' Motion for Summary Judgment asserts that Plaintiff cannot state a claim for breach of an employment contract because Plaintiff was an at will employee. Under Virginia law, "'where no specific time is fixed for the duration of employment [in an offer of employment] there is a rebuttable presumption that the hiring is terminable at will.'" *Lawrence v. Mars*, Inc., 955 F.2d 902, 907 (4th Cir. 1992) (quoting *Miller v. SEVAMP, Inc.*, 362 S.E.2d 915, 197 (Va. 1987)), cert. denied, 506 U.S. 832 (1992). More specifically, "a pleading seeking to recover damages for the termination of a contract of employment, the terms of which give rise to no fair inference of a specific period for its intended duration . . . is demurrable." *SEVAMP*, 362 S.E.2d at 917-18.

Here, Plaintiff's Breach of Contract claim is based on his employment contract with Defendant, stating his employment was for the Salt Lake City Global facility. *See* January 30, 2012 Employment Letter. As held in *Lawrence* and *SEVAMP*, because Plaintiff's employment contract does not have a fixed duration, Plaintiff's employment contract is an at-will employment contract. *See Lawrence*, 955 F.2d at 907. More importantly, the contract itself states "This letter is not a contract for employment for any definite period of time. Rather, all employment with Defendant University is *terminable at the will of either party*." *See* January 30, 2012 Employment Letter. Thus, Defendants were free to terminate Plaintiff's employment contract at any time. Accordingly, Plaintiff can present no evidence of a genuine issue of Defendants' breach of the employment contract. Thus, the Court GRANTS Defendants' Motion for Summary Judgment for Plaintiff's Breach of Contract Claim.

25

### G. Plaintiff Fails to Plead Fraudulent Misrepresentation

The Court GRANTS Defendants' Motion for Summary Judgment for Plaintiff's Fraudulent Misrepresentation claim. The applicable statute of limitations period for fraudulent misrepresentation in Virginia is two years. *See STB Mktg. Corp. v. Zolfaghari*, 240 Va. 140, 145 n.1 (1990) (". . . every action for damages resulting from fraud, shall be brought within two years after the cause of action accrues."); Va. Code Ann. § 8.01-243(A) (2014). Under Virginia law, a plaintiff's claim for fraud begins to accrues "when such fraud ... is discovered or by the exercise of due diligence reasonably should have been discovered." *STB Mktg. Corp*, 240 Va. at 144; *see also* Va. Code Ann. § 8.01-243.

Here, Plaintiff alleges Defendants fraudulently misrepresented to Plaintiff that his acceptance of employment in Chantilly included a later position in Salt Lake City. Am. Compl. at 38-39. Plaintiff alleges the misrepresentation occurred over a series of in person discussions and phone calls with Defendants in early 2012. *Id.* Plaintiff discovered that he would not be transferred to the Salt Lake City Global facility on October 15, 2012, when Defendants' closed the Chantilly Global facility. Am. Compl. at 2. Plaintiff filed this lawsuit on January 2, 2015. (Doc. 1). Because more than two years had passed since Plaintiff discovered Defendants' allegedly fraudulent conduct, the statute of limitations has expired. Thus, Plaintiff is time barred from bringing his Fraudulent Misrepresentation claim. Accordingly, this Court GRANTS Defendants' Motion for Summary Judgment as Plaintiff's Fraudulent Misrepresentation Claim.

### IV. CONCLUSION

For the foregoing reasons, this Court GRANTS Defendants' Motion for Summary Judgment as to all claims in Plaintiff's Amended Complaint. Specifically, the Court finds that there is no genuine dispute of material fact as to Plaintiff's claims alleging Title VII

26

discrimination based on race, color, age, or Plaintiff's offered severance package. Plaintiff fails to present evidence sufficient to demonstrate discriminatory treatment or a disparate impact based on his race, color, or age in violation of either Title VII or the ADEA. Additionally, Plaintiff fails to present evidence sufficient to establish a violation of 42 U.S.C. § 1981, and given that Plaintiff's employment with Defendant Strayer University was terminable at will, Plaintiff can present no evidence of a genuine issue of Defendants' breach of the employment contract. Finally, Plaintiff's Fraudulent Misrepresentation is barred by the applicable statute of limitations. Therefore, Plaintiff fails to present evidence demonstrating a genuine issue of material fact as to any count in Plaintiff's Amended Complaint.

Thus, it is hereby,

**ORDERED** that Defendants Strayer University, LLC, Chad Nyce, and Matt Smith's Motion for Summary Judgment (Doc. 37) is **GRANTED.**

**IT IS SO ORDERED.**

ENTERED this _____ day of March, 2016.

Alexandria, Virginia
3 / _____ / 2016

_____/s/_____
Gerald Bruce Lee
United States District Judge

27